UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.   4:24 CR 670 RWS - SPM |
| | ) | |
| | ) | |
| SHAAKIR MUHAMMED, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on defendant's motion to revoke the order of detention issued in this case on February 3, 2025 by United States Magistrate Judge Noelle C. Collins.  ECF 24.  Plaintiff opposes the motion.  ECF 25.  I have reviewed the detention order (ECF 20) *de novo* and made an independent determination of pretrial detention or conditions of release by listening to the detention hearing held on January 17, 2025 (ECF 13), reviewing the bail report submitted by pretrial services (ECF 14), and considering the briefs and evidence submitted by counsel relevant to this motion.  ECF 4, 24, 25.  Having reviewed this evidence and considered the parties' arguments under the relevant authorities, I conclude that the detention order must be upheld and defendant's request for release must be denied.

Following a detention hearing held on plaintiff's motion, Judge Collins determined by a preponderance of the evidence that there were no conditions or

combination of conditions of release which would reasonably assure the Court that defendant would appear in court and that clear and convincing evidence demonstrated that the defendant's release would pose a risk of harm to the public.  ECF 20.  Judge Collins noted the following reasons for detention: the weight of evidence against the defendant is strong; defendant is subject to a lengthy period of incarceration if convicted; and, his prior attempt to evade law enforcement.  *Id.* at 2-3. Specifically, she took note of defendant's high-speed flight from law enforcement and the fact that he rear-ended another motorist during that flight.  *Id.* at 3. Judge Collins also cited the fact that the defendant faces mandatory minimum sentences in this case and that he possessed a loaded firearm and four different controlled substances.  *Id.*  Judge Collins concluded that due to the serious allegations, "the nature and circumstances of the offense suggest that Defendant presents a serious risk of flight and a danger to the community."  *Id.*

    Defendant now argues that I should revoke the detention order, pointing to his lack of criminal history and the fact that he was on bond in the companion state case as evidence that he is not a flight risk or a danger to the community.   However, I agree with Judge Collins's assessment of the evidence and reach the same conclusions with respect to detention.

    I agree with Judge Collins's decision that defendant's serious and dangerous flight from law enforcement demonstrates that he poses a significant danger to the

2

community.   When pulled over by officers during a routine traffic stop, defendant fled from law enforcement in a dangerous high-speed pursuit, ramming a civilian motorist and crashing on a highway embankment after losing control of the vehicle. And while it may be true that defendant has no prior convictions, the Pretrial Services Report establishes that he has a history of arrests for firearms and weapons offenses, as well as a prior arrest for resisting arrest for a felony offense, which demonstrate that he poses a flight risk and a danger to the community.   Finally, like Judge Collins I also believe that the fact that defendant possessed a loaded firearm and four different controlled substances when arrested demonstrates that he poses a significant danger to the community.

Even if, as defendant argues, he is ultimately determined to be "a zero-point offender with no prior convictions," ECF 24 at 2, the Court agrees with Judge Collins that the significant 60-month mandatory minimum prison sentence he faces provides defendant with a very serious incentive to flee.

I am also not persuaded by defendant's argument that his bond history in the state case shows that he should not be detained, given that defendant's bond conditions in the state case are much more lenient than any that would be imposed here.   This is especially true given the fact that defendant has failed to comply with the state court's most basic condition that he keep an application on his phone updated.   ECF 25-3.   Given the significant disparity in the intensity of supervision at

3

the state and federal levels, defendant's alleged compliance with his bond conditions in his state case is not a reliable indicator of his flight risk and danger to the community.

Although defendant urges a different interpretation of his conduct, I agree with Judge Collins's conclusion that detention is warranted.   After careful consideration of all relevant evidence, the Court concludes that credible information submitted to the Court establishes by a preponderance of the evidence that there is no condition or combination of conditions that will reasonably assure the defendant's appearance, that there is clear and convincing evidence that the defendant's release would pose a risk of harm to the public, and that conditions which restrict defendant's travel, personal contacts, and possession of drugs, alcohol, and/or firearms; require reporting, education, employment, or treatment; or monitor defendant's movements or conduct; or any combination of these conditions or others currently proposed or available will not sufficiently ameliorate the risks posed if defendant is released.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to revoke order of detention [24] is denied, the Order of Detention Pending Trial entered on February 3, 2025 is upheld in its entirety, and defendant's request for release is denied.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 20th day of February, 2025.